J. JONES, Justice,
specially concurring.
I wholeheartedly concur in the Court’s holding that I.C. § 18-919 establishes a statewide standard of care governing medical professionals, as well as the Court’s observation that the Idaho Board of Medicine has adopted a statewide standard of care in IDA-PA 22.01.01.101.04.d. It practically goes without saying that any medical professional practicing in the State of Idaho violates the standard of care by sexually abusing or exploiting a patient.
I do have some concerns about the district court’s analysis of the local standard of care issue and this Court’s analysis and conclusions with respect to that issue in Part III. A.2 of the opinion. It seems to me that the Court is rather too strict in applying the standard for demonstrating familiarity with the community standard of care in Pocatello. However, there is no need to go into that because this was never an appropriate case for application for a community standard of care. There is no room for variation in the standard of care when it comes to misusing an intimate and confidential medical relationship for the purpose of exploiting or abusing a patient. Local option abuse and exploitation is obviously unacceptable.
I do not agree with the Court’s conclusion in the fourth paragraph of Part III.B. that I.C. § 54-1814(22) does not establish a statewide standard of health care practice. I see no ground for drawing a distinction between statutes that pertain to licensure and those that pertain to disciplinary action. The second section of the Medical Practice Act, I.C. § 54-1802, states that the purpose of the Act “is to assure the public health, safety and welfare in the state by the licensure and regulation of physicians.” (emphasis added.) There is no basis for distinguishing between the requirements for obtaining a medical license and those for keeping it. Engaging in exploitive or abusive conduct — whether sexual or otherwise — that breaches the position of trust bestowed by a medical license is as harmful to the patient as providing medical care that fails to comply with the local stan *332 dard of care. Thus, I would hold that I.C. § 54-1814(22) does establish a statewide standard of health care practice, as does IDAPA 22.01.01.101.04.d, the regulation adopted by the Idaho Board of Medicine pursuant to this statutory provision.